William Troy, appellant, *v.* Owen Reilley, appellee.

*Appeal from Jo Daviess.*

Where an affidavit, or other portion of a record in a Circuit Court is lost, after the trial of the cause, its place cannot be supplied by affidavit, so as to make the same a part of the record; and the Supreme Court will not grant a special writ of *certiorari* to send up the same.

S. Strong, for the appellant.

E. D. Baker, for the appellee.

Scates, Justice:

This is a motion, on a suggestion of a dimunition of the record, for a special *certiorari* to the clerk of Jo Daviess Circuit Court, to certify as a part of the record of that Court, a certain affidavit of newly discovered evidence, made and filed by the appellant, in his office, since the trial of the cause, in lieu of the one filed in the case at the trial, and which is certified by the clerk to be lost or mislaid.

The substance of this motion is, in effect, to make or supply a new record upon affidavits made before this Court *ex parte.* For

we can discover no difference, in principle, in supplying any portion, and the whole of the record below. And it will be *ex parte*, unless the appellee is allowed to file counter affidavits, traversing the facts stated in the affidavits of the appellant. We think an important question of practice involved in the correct decision of this motion. To grant this motion upon the *ex parte* affidavits of either party, might inflict serious injury and oppression upon the opposite side. To allow a traverse and issue of fact, as to the existence of a record, to be proved by other testimony than the production of the record itself, would be an anomaly. The Court is not aware of any authority upon either view of the case; and would hesitate to establish a precedent, in the application of which, it can foresee much inconvenience and injustice to suitors. Yet a case may exist, in which it may be compelled to receive somewhat similar testimony of the existence and contents of a record. Should a clerk certify a record as full, true, and complete, of all the proceedings, &c., in return to a *certiorari* from this Court, omitting a portion important to a party, and obstinately persist in making the same return, how should we take cognizance of the existence and contents of the portion omitted? By affidavits, or sworn copies? and under such circumstances would the Court direct a special *certiorari* to the clerk to certify particular facts, as part of the record? The Court would leave the party to his remedy by suit, or by attachment for contempt. In the event of a destruction of a clerk's office, and the records, by fire, should this motion prevail, this Court might be called upon to supply, upon affidavits, the records thus destroyed. The rule would thus, if established, be productive of more and greater evils, than may arise in the few cases where its application would conduce to justice.

In the absence of all authority on the points, the Court is of opinion it has no such power. But admitting it had the power to establish such a rule of practice, it would be inclined to deny the motion as impolitic. The motion is denied.

BREESE, Justice, dissenting:
I do not concur in all the views of the majority of the Court on this motion.

I concur in denying the motion, being of opinion that the proper course to pursue to effect the object of the appellant, would be to move the Circuit Court for leave to file the affidavit *nunc pro tunc*, and upon refusal, to take a bill of exceptions, and writ of error to this Court.

*Motion denied.*